UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYMOND JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:14-cv-1922-GMN-NJK |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALEXIS LOZANO et al., | ) | |
| | ) | |
| Defendants. | ) | |

**I.    DISCUSSION**

On March 30, 2015, this Court entered a screening order in this case and permitted Plaintiff's excessive force, deliberate indifference to serious medical needs, and state law claims proceed in part. (ECF No. 7 at 9-10). Plaintiff had alleged excessive force against Defendants Correctional Officers Thompson, Lozano, and Carrillo at High Desert State Prison ("HDSP") for shooting Plaintiff in the hand once he had been lying on the ground. (*Id.* at 3, 6). The Court stayed the case for 90 days to give the parties an opportunity to settle their dispute. (*Id.* at 10). A mediation conference has not yet been set.

On April 20, 2015, Plaintiff filed an emergency motion for temporary restraining order ("TRO") to prevent death and/or bodily harm.[1] (ECF No. 12 at 1). In the motion, Plaintiff seeks a restraining order to prevent his transfer to Ely State Prison ("ESP") where he will be beaten or killed in retaliation for filing this lawsuit. (*Id.*).

In the motion, Plaintiff alleges the following: Since coming to HDSP, Plaintiff has had two state-sponsored attempts on his life. (*Id.* at 2). The first attempt involved the shooting of his hand and the second one involved prison officials placing him in a cell with a dangerous inmate after the shooting. (*Id.*). There is a culture at HDSP to encourage the abuse and shooting of inmates. (*Id.*). Prison officials have targeted Plaintiff to be murdered or crippled to a point where he can no longer proceed with this litigation. (*Id.*). Plaintiff seeks to be transferred to a federal or out-of-state facility

---

[1] The Court acknowledges that the 90-day stay prohibits papers and pleadings from being filed during the stay. However, the Court makes an exception to the filing of papers and pleadings in relation to the instant motion for temporary restraining order.

before he is fatally harmed. (*Id.*).

In the motion, Plaintiff alleges the following facts: On April 11, 2015, Officer Romero went to Plaintiff's cell door and said, "I hear you are going to Ely Prison and you'll be stomped out, maybe even killed because all the shit [you're] causing behind your lawsuit." (*Id.* at 2-3). Plaintiff responded, "They can't do that." (*Id.* at 3). Romero said, "We work as a unit, so the warden will send you up there and let them handle your ass, good luck." (*Id.*). Inmate David Fennel heard the conversation and is willing to testify.[2] (*Id.* at 3, 9). On April 13, 2015, Sgt. Bart went to Plaintiff's door and said, "You really did it this time [Plaintiff], the warden is done with you and you will be on an emergency overnight to Ely State Prison if not this week, next week for sure." (*Id.* at 3). Plaintiff responded that he "wasn't trying to go for fear of what could happen" to him. (*Id.*). Bart told Plaintiff, "ah, [you're] going whether you like it or not. It'll be fun." (*Id.*). This is the third attempt on Plaintiff's life. (*Id.*). On April 8, 2015, correctional officers sat and watched Plaintiff fight for his life in his cell against another inmate. (*Id.*). Plaintiff had informed prison officials that he felt threatened by that inmate but they did nothing to prevent the attack against Plaintiff. (*Id.* at 7). The correctional officer who shot Plaintiff was promoted. (*Id.*). Plaintiff is in fear for his life and does not want to die. (*Id.* at 3). Plaintiff makes arguments for each factor. (*Id.* at 5-6).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

---

[2] According to inmate David Fennel's affidavit, he heard Romero tell Plaintiff, "You better pray, or do what you can, because word is [they're] going to stomp you out and possibly kill you up at Ely Prison for all the shit [you're] causing with your lawsuit." (ECF No. 12 at 9).

1    The Court finds that Plaintiff has established a colorable likelihood of success on the merits
2 as to his complaint which survived screening and as to the retaliation claim alleged in his motion for
3 TRO. Prisoners have a First Amendment right to file prison grievances and to pursue civil rights
4 litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "Without those
5 bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison
6 injustices. And because purely retaliatory actions taken against a prisoner for having exercised those
7 rights necessarily undermine those protections, such actions violate the Constitution quite apart from
8 any underlying misconduct they are designed to shield." *Id*.

9    To state a viable First Amendment retaliation claim in the prison context, a plaintiff must
10 allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of
11 (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his
12 First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional
13 goal." *Id*. at 567-68.

14    Based on the allegations in the motion for TRO, after Plaintiff filed this lawsuit, prison
15 officials housed Plaintiff with a known dangerous inmate and refused to move Plaintiff after he
16 informed prison officials that he felt threatened by that inmate. As a result, the other inmate attacked
17 Plaintiff. Additionally, based on the allegations, prison officials have specifically told Plaintiff that
18 he is being transferred to ESP to be severely beaten or killed because he filed this lawsuit. As such,
19 the Court finds that there is a colorable likelihood of success on the merits of this claim. Plaintiff
20 also has alleged that he will suffer irreparable harm if he is transferred because prison officials have
21 told him that he will be severely beaten or killed at ESP for filing this lawsuit. The balance of
22 equities and the interests of justice appear to tip in Plaintiff's favor because the Eighth Amendment
23 prevents excessive force by prison officials and creates a duty for prison officials to protect prisoners
24 from violence at the hands of other prisoners.

25    The Court orders the Attorney General's Office to advise the Court within 7 days of the date
26 of the entry of this order whether it will enter a general notice of appearance on behalf of Defendants.
27 Additionally, based on the nature of the allegations, Defendants shall also have 7 days from the date
28 of this order to file their response to Plaintiff's motion for temporary restraining order.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Attorney General's Office shall advise the Court within seven (7) days of the date of entry of this order whether it can accept service of process for the named Defendants and enter a general appearance.  In its notice, the Attorney General's Office shall advise the Court and Plaintiff of:  (a) the names of the Defendants for whom it accepts service; (b) the names of the Defendants for whom it does not accept service, and (c) the names of the Defendants for whom it is filing last-known-address information under seal.  As to any of the named Defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those Defendant(s) for whom it has such information.

**IT IS FURTHER ORDERED** that Defendants shall file a response to Plaintiff's motion for temporary restraining order (ECF No. 12) within seven (7) days of the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve a copy of this order and a copy of Plaintiff's motion for temporary restraining order (ECF No. 12) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

**DATED** this 30th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court