# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND JACKSON, | ) |
| Plaintiff, | ) Case No.: 2:14-cv-01922-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| ALEXIS LOZANO, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court are Plaintiff Raymond Jackson's ("Plaintiff's") Motion to Reopen Case, (ECF No. 26), and Motion to Enforce Stipulated Agreement, (ECF No. 27). Defendants did not respond to either Motion. For the reasons discussed below, the Court **DENIES** Plaintiff's Motions.

This case arises from Plaintiff's allegation that several employees of the Nevada Department of Corrections ("NDOC") violated Plaintiff's civil rights during an incident that ended with Plaintiff being shot in the hand. (*See generally* Compl., ECF No. 8). Ultimately, the parties settled and stipulated to dismiss the case with prejudice. (*See* Mins. Proceedings Inmate Early Mediation Conference, ECF No. 22); (Stipulation, ECF No. 24). The Court granted the Stipulation, but the Order neither incorporates the terms of the settlement agreement nor indicates that the Court will retain jurisdiction over disputes implicating settlement enforcement. (Order Granting Stipulation, ECF No. 25). Plaintiff now seeks to reopen the case and have the Court enforce the settlement agreement, alleging that Defendants have violated the parties' written agreement by failing to discharge $5,000.00 of Plaintiff's debt to NDOC. (*See* Mot. Reopen Case 2:8–13, ECF No. 26).

As an initial matter, the Court does not have jurisdiction to enforce the parties' settlement agreement. Federal courts do not have jurisdiction to enforce a settlement

agreement resulting in dismissal of the litigation unless either the court's dismissal order embodies the terms of the parties' settlement agreement, or there is an independent basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994). Here, the Court's dismissal Order does not contain the terms of the parties' settlement agreement. (*See* Order Granting Stipulation, ECF No. 25). Plaintiff does not allege that the Court has diversity jurisdiction over the settlement dispute. (*See* Mot. Enforce, ECF No. 27). Enforcement of the settlement agreement therefore appears to necessitate that Plaintiff bring a breach of contract action in state court. *Kokkonen*, 511 U.S. at 382.[1]

Regarding Plaintiff's Motion to Reopen Case, a court may reopen a case under Federal Rule of Civil Procedure 60(b)(6) if the non-moving party, in bad faith, repudiates the settlement agreement that procured the termination of the litigation. *See Keeling v. Sheet Metal Workers Int'l. Ass'n.*, *Local Union 162*, 937 F.2d 408, 410–411 (9th Cir. 1991). The moving party must provide evidence of the settlement agreement and that the opponent repudiated, or completely frustrated, execution of the settlement agreement. *See id.* Here, Plaintiff alleges that Defendants have violated the settlement agreement by refusing to discharge Plaintiff's $5,000.00 debt to NDOC. (*See* Mot. Reopen Case 2:8–13, ECF No. 26). However, Plaintiff does not provide supporting evidence of the purported breach. (*See generally id.*). Not only is the written settlement agreement absent from the record before the Court, but Plaintiff provides no evidence of the purported breach. (*See id.*) The pleadings' allegations are not evidence and are therefore insufficient to substantiate Plaintiff's contention that Defendants breached the agreement. *See United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) ("The government's assertions in its pleadings are not evidence."); *S. Pac. Co. v. Conway*, 115 F.2d

---

[1] Plaintiff notes that the parties' settlement agreement contains a forum selection clause requiring adjudication of settlement disputes in this Court. (Mot. Enforce 2:9–19). However, even if the settlement agreement contains such a term, the parties may not consent to federal subject matter jurisdiction by agreement. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

746, 750 (9th Cir. 1940) ("[T]he office of a pleading is to state ultimate facts and not evidence of such facts."). Plaintiff may file a renewed motion to reopen case to the extent that he can provide a true and correct copy of the settlement agreement and evidence of Defendants' breach thereof.

**IT IS HEREBY ORDERED** that the Motion to Reopen Case, (ECF No. 26), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Enforce Stipulated Agreement, (ECF No. 27), is **DENIED**.

**DATED** this __21__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court